## GUERRIER *vs.* LAMBETH.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where a party is sued for loss and injury done to goods by his slave, the measure of damages should be the difference between the value of the goods before, and that after the injury done to them. He cannot be made liable for the profit the plaintiff (who was a tailor) might have made on them by his industry, in making them into clothes.

The master is liable for the acts and injuries done by his slave, acting either by or without his authority or order. He is answerable for all the damages occasioned by the offence or *quasi* offence, committed by his slave, except those done without his order, in which case he may exonerate himself by surrendering the slave to be sold.

This is an action for damages. The plaintiff alleges he leased a store from the defendant, and enjoyed for a while the uninterrupted privilege of opening his door and windows into the back yard of the premises, which was necessary to the enjoyment of the benefits of his lease; but that the defendant, with a view of vexing and harrassing him, illegally ordered one of his slaves to nail up the door and windows, who, in executing this order in the absence of the petitioner, upset a bottle of ink, which broke and fell upon a quantity of cloth, ready made clothing, wearing apparel, &c., and caused him injury and damage to the amount of six hundred and forty-one dollars and fifty cents, according to an account annexed, for which he prays judgment, with costs, &c.

EASTERN DIST.
*April*, 1836.

GUERRIER
*vs.*
LAMBETH.

The defendant pleaded a general denial, and further averred that the plaintiff had no right whatever to the use of the back yard, and that in insisting on entering it by violence and threats, as he frequently did, he trespassed upon the quiet and peace of his lessor.

Upon these issues the cause was submitted to a jury, together with the evidence adduced by the parties. The jury returned a verdict " of three hundred and sixty-five dollars and fifty cents, for the plaintiff, together with the damaged goods." From judgment rendered thereon the defendant appealed.

There were two bills of exception taken to the charge of the parish judge, which he gave to the jury, and his declining to charge as requested, which are fully set forth in the opinion of the court.

*Roselius* and *Preaux*, for the plaintiff·

1. The verdict of the jury was rendered agreeably to the law and evidence of the case, and should be sustained.

2. The opinion of the parish judge was *correct*, and according to law, in refusing to charge the jury as prayed for by defendant's counsel.

3. That the plaintiff was the owner of the goods alleged to have been damaged, and it was but justice to allow him the value of them, and damages for his disappointment.

*Conrad*, for the defendant.

The defendant prays, that the judgment rendered against him be reversed, on the following grounds :

1. That the plaintiff, not being the owner of the goods alleged to have been damaged, and not having paid for the same, has no right to sue for damages that may have been sustained thereby.

2. That the damages are excessive.

3. That the judge erred in refusing to charge the jury as prayed by defendant's counsel, and in the charge which he gave them.

*Bullard, J.,* delivered the opinion of the court.

This action was instituted, to recover from the defendant the damages he alleges he has sustained, in consequence of the defendant's slave knocking down a bottle of ink, which was suspended in his shop, and which fell upon a trunk of goods, and stained them.    The jury found a verdict in favor of the plaintiff, upon which the court having rendered a judgment, the defendant appealed.

His counsel has called our attention to two bills of exception in the record, upon which he relies for a reversal of the judgment.

By the first it appears, that the defendant prayed the court to instruct the jury, that if the defendant was responsible at all, it was only for the difference between the value of the goods, before they had sustained the damage complained of, and their value afterwards, and further, that the defendant was not liable for any deterioration of the goods, after the act complained of, nor did the goods become by said act the property of the defendant; but the court refused to give that charge, and told the jury that the amount of damages, if any, which the plaintiff would be entitled to recover, would be the loss of profits which he might have made from the goods, as well as the value of the goods themselves.

We are of opinion, the judge erred in refusing to charge the jury as requested, and that in instructing them as he did, he laid down the law too broadly.    It appears to us, that the standard of damages contended for by the defendant's counsel, is the correct one, and that the damaged property did not, by the act, become the property of the defendant, and at his risk.    If the court meant by the profits which the plaintiff might have made, the advance for which he might have sold them, if the accident had not happened, then it cannot be distinguished from their value according to the proposition of the plaintiff.    But the plaintiff is a tailor, and if the judge intended to convey the idea, that he was entitled to recover the additional value, which his labor and skill might have given to the goods, we think his charge was calculated to mislead the jury, and to make the defendant responsible for

EASTERN DIST.
*April,* 1836.

GUERRIER
*vs.*
LAMBETH.

Where a party is sued for loss and injury done to goods by his slave, the measure of damages should be the difference between the value of goods before, and that after the injury done to them. He cannot be made liable for the profit the plaintiff (who is a tailor) might have made on them by his industry, in making them into clothes.

a loss of profits, which he might have made by his own industry.

The second bill of exceptions was taken to the refusal of the judge to instruct the jury, at the request of the defendant's counsel, that the plaintiff could not recover, unless it was proved that the act from which the injury resulted, was done by the order and authority of the defendant, or with his knowledge and approbation, and that even his subsequent knowledge and approbation of such act, would not make him responsible ; but the court charged, that the master was responsible, if the damage had been caused by his slave, acting either by or without the master's order. We are of opinion the court did not err. The Civil Code declares, that "the master shall be answerable for all the damages occasioned by an offence or *quasi* offence, committed by his slave, independent of the punishment inflicted on the slave." *Article* 180. Except in the case in which the offence was committed by the order of the master, he may exonerate himself by surrendering the offending slave to be sold.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed, and the verdict set aside ; and it is further ordered, that the case be remanded for a new trial, with instructions to the judge, to abstain from charging the jury, that the plaintiff is entitled to recover, if any thing, the loss of profits which he might have made from the goods, as well as of the value of the goods themselves, and not to decline to charge them according to the request of the defendant, as set forth in the first bill of exceptions, and that the plaintiff and appellee pay the costs of appeal.